IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| BLAKE MANAGEMENT GROUP, LLC and CARDINAL VENTURES, INC. | PLAINTIFFS |
| VS. | CAUSE NO. 3:24-cv-205-HTW-LGI |
| QSL, LLC and QSL MANAGEMENT, LLC | DEFENDANTS |

COMPLAINT
(JURY TRIAL DEMANDED)

Plaintiffs Blake Management Group, LLC ("BMG") and Cardinal Ventures, Inc. ("CVI") file this Complaint against Defendants QSL, LLC ("QSL") and QSL Management, LLC ("QSLM"), as follows:

PARTIES

1. BMG is a Mississippi domestic limited liability company. The members of BMG are CVI and BMG Investments, LLC. The members of BMG Investments, LLC are CVI, Stephanie Scott, John Waits and Scott Hames. All of the members of BMG Investments, LLC are resident-citizens of Mississippi except for Scott Hames who is a resident-citizen of North Carolina.

2. CVI is incorporated and has its principal place of business in Mississippi.

3. QSL is an Alabama domestic limited liability company doing business in Mississippi. QSL may be served with process by service upon its Registered Agent, Judy M. Belk located at 8635 McMillan Road, Citronelle, Alabama 36522. Upon

information and belief, none of the members of QSL share resident-citizenship with Plaintiffs.

4. QSLM is a Delaware limited liability company doing business in Mississippi. QSLM may be served with process by service upon its Registered Agent, Judy Belk located at 1651 Popp's Ferry Road, Biloxi, Mississippi 39532. Upon information and belief, none of the members of QSLM share resident-citizenship with Plaintiffs.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338 as the Plaintiffs assert claims under federal law for trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. The Court also has subject matter jurisdiction under 28 U.S.C. § 1332 as there is complete diversity among the parties and the amount in controversy exceeds $75,000. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. The Court has personal jurisdiction over Defendants based on their general business activities in Mississippi and their specific actions as alleged herein.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the unlawful conduct at issue occurred and is occurring in this District and Division.

## FACTS

8. CVI and QSL are in the business of developing, buying and selling senior living facilities. BMG is in the business of managing senior living facilities. QSLM is

one of BMG's competitors and is also in the business of managing senior living facilities.

9. In 2017, CVI, QSL and BMG entered into a Trademark Usage and Cooperation Agreement ("Agreement") which governs the use of the "Blake Trademarks" as identified on Exhibit A thereto. A true and correct copy of the Agreement is attached hereto as Exhibit 1. QSLM is not a party to the Agreement.

10. As to CVI and QSL, the Agreement provides that they each have the right "to use and exploit the Blake Trademarks in connection with any Senior Housing Facility in which they have an ownership or economic interest." Exhibit 1 at § 2(a).

11. As to BMG, the Agreement provides that it has the right to use the Blake Trademarks "in connection with its provision of Branded Management Services to a Senior Living Facility." *Id.* at § 2(b). The term "Branded Management Services" is defined as "management services provided by BMG to or for the benefit of a Senior Housing Facility that are identified and/or associated with one or more of the Blake Trademarks pursuant to a written agreement with the owner or lessee of a Senior Housing Facility." *Id.* at § 1(c). Upon termination or expiration of a management services agreement with an "Independent Senior Housing Facility," the Agreement requires BMG to take efforts "to ensure that all use or indicia of the Blake Trademarks . . . are promptly terminated and/or rescinded." *Id.* at § 2(b).

12. The Agreement allows CVI, QSL and BMG to use the Blake Trademarks in connection with advertising, promotion and informational services associated with

3

their respective development, ownership, leasing and management of Blake Facilities. *Id.* at § 2(c).

13.     The Agreement expressly provides that it is intended solely for the benefit of the parties (CVI, QSL and BMG) and further that "there shall be no third-party beneficiaries." *Id.* at § 5(a) and § 6(e). The Agreement does not confer any usage rights on any subsidiaries of CVI, QSL or BMG.

14.     The Agreement allows CVI and QSL to license or sub-license the Blake Trademarks. *Id.* at § 4(a). However, this right is limited to a "Permitted Licensee," which is defined as "a special purpose entity formed by CVI and/or QSL for the development and ownership of a Blake Facility." *Id.* at § 1(d). The Agreement also allows CVI and QSL to sell, license or assign the rights to use the term "the Blake" to a third party who acquires such rights as a "Permitted Successor Licensee" by virtue of acquiring a Blake Facility. *Id.* at § 1(e).

15.     The Agreement prohibits the parties from attacking or assisting another in attacking the rights conferred by the Agreement. The Agreement requires each party to notify the others of any infringement or suspected infringement and to cooperate in protecting the Blake Trademarks. *Id.* at § 5(a) and (f).

16.     BMG is the owner of registered trademarks for "The Blake" and the Blake stylized "B" logo. True and correct copies of the registrations are attached hereto as Exhibit 2.

17.     BMG provides management services at Senior Living Facilities located in Texas, Florida, Arkansas and South Carolina. For several years until December

4

2023, BMG also provided "Branded Management Services" at two (2) senior living facilities in Mississippi: Blake at Township ("Township") and Blake at Flowood ("Flowood"). Township and Flowood were originally developed by CVI and owned by an affiliated company. In or around 2014, the facilities were sold to a third-party which later re-sold them in 2019 to Bridge Senior Living ("Bridge"). BMG was the management company at Township and Flowood throughout these ownership changes.

18. When Bridge acquired Township and Flowood, it did not acquire any rights to use, sell, license or assign the Blake Trademarks. Under Bridge's ownership, Township and Flowood were "Independent Senior Living Facilities," which is defined by the Agreement as "a Senior Living Facility for which BMG provides Branded Management Services which is not owned by [CVI], QSL, a Permitted Licensee and/or a Permitted Successor Licensee." Exhibit 1 at § 1(d). In other words, while under Bridge's ownership, the right to use the Blake Trademarks at these facilities was based solely on BMG's status as the management company and its rights under the Agreement.

19. In December 2023, Bridge sold Township and Flowood to Welltower, Inc. Because Bridge did not own any such rights, the assets it sold to Welltower did not include usage rights as to the Blake Trademarks. Accordingly, Welltower did not acquire and does not have any rights to use the Blake Trademarks at Township and Flowood. In connection with the sale, BMG's management services agreements with Bridge were terminated and were not assumed by Welltower. Welltower engaged

5

QSLM to be its management company at Township and Flowood. With QSL's assistance, QSLM is using the Blake Trademarks at these facilities despite the fact it has no right to do so.

20. Upon termination of BMG's management services agreements, any and all rights to use the Blake Trademarks at Township and Flowood terminated. QSLM is not a party to the Agreement and does not meet the definition of a "Permitted Licensee" or "Permitted Successor Licensee." Therefore, QSLM cannot use the Blake Trademarks at Township and Flowood without the express written consent of all parties to the Agreement. CVI and BMG have not consented to QSLM's use of the Blake Trademarks at Township and Flowood.

21. In order to protect and prevent dilution of the Blake Trademarks, the Agreement clearly limits the usage rights of QSL and CVI to those facilities in which they have an ownership or economic interest in the profits or losses of the entity that owns the facilities. QSL does not hold an ownership or economic interest in the profits or losses of the companies affiliated with Welltower which now own Township and Flowood.

22. Even if QSL had such an interest, the Agreement allow QSL to assign usage rights to a subsidiary which does not meet the definition of "Permitted Licensees" or "Permitted Successor Licensees." Likewise, the Agreement does not allow QSLM to use the Blake Trademarks simply because it is a subsidiary of QSL. To allow QSLM to use the Blake Trademarks under these circumstances would defeat and render superfluous the specific provisions of the Agreement restricting

assignments of usage rights to Permitted Licensees and Permitted Successor Licensees.

23. On December 11, 2023, BMG's counsel sent notice to QSL and QSLM that QSLM did not have any right to use the Blake Trademarks at Township and Flowood. BMG also notified QSL that it had an affirmative obligation to protect the Blake Trademarks and could not assign usage rights to QSLM without the express written consent of CVI and BMG which had not been given. *See* Exhibit 3.

24. Despite receiving such notice, QSLM persists in misusing the Blake Trademarks to advertise and promote its services at Township and Flowood without authorization. *See* Exhibit 4 (webpages). In direct violation of the Agreement, QSL is facilitating and contributing to QSLM's on-going misuse of the Blake Trademarks.

## CLAIMS FOR RELIEF

### COUNT I
### Trademark Infringement (QSLM)

25. Each and every allegation set forth in the proceeding paragraphs is hereby realleged and reiterated as fully as if set forth herein.

26. QSLM's misuse of the Blake Trademarks without authorization is "in commerce" within the meaning of the Lanham Act.

27. QSLM's misuse of the Blake Trademarks is causing confusion in the marketplace and misleading residents into believing the services of QSLM at Township and Flowood are being provided by BMG and/or with BMG's authorization.

28. QSLM is intentionally misusing the Blake Trademarks in order to benefit and profit from BMG's goodwill and reputation in the senior living marketplace.

29. QSLM's activities constitute trademark infringement of BMG's registered marks in violation of 15 U.S.C. § 1114(1).

30. In addition, and/or in the alternative, QSLM's activities have caused, and will continue to cause competitive injury to BMG. QLSM's activities constitute unfair competition in violation of 15 U.S.C. § 1125(a).

31. As a result of QSLM's unauthorized misuse of the Blake Trademarks, BMG has suffered and will continue to suffer financial harm as well as harm to its good will and reputation.

32. Unless enjoined by the Court, QSLM will continue infringing on the Blake Trademarks and unfairly competing against BMG. BMG seeks a permanent injunction and all available damages under the Latham Act against QSLM.

## COUNT II
### Vicarious and/or Contributing Trademark Infringement (QSL)

33. Each and every allegation set forth in the proceeding paragraphs is hereby realleged and reiterated as fully as if set forth herein.

34. Upon information and belief, QSLM is a wholly-owned subsidiary of QSL. Upon information and belief, the same persons who serve as managers of QSL also serve as the managers of QSLM. Accordingly, QSL is in a position to direct and control the business activities of QSLM.

35. QSL is vicariously liable for QSLM's violations of the Latham Act.

36. In addition, and/or in the alternative, QSL is jointly and severally liable under the Lanham Act for facilitating and contributing to QLSM's infringing activities.

37. As such, BMG seeks a permanent injunction and all available damages under the Lanham Act against QSL.

## COUNT III
### Breach of Contract (QSL)

38. Each and every allegation set forth in the proceeding paragraphs is hereby realleged and reiterated as fully as if set forth herein.

39. Section 5(d) of the Agreement provides that the parties will not attack or assist another in attacking the rights of the other parties regarding the Blake Trademarks.

40. Section 5(f) of the Agreement provides that the parties will use their best efforts to protect the Blake Trademarks and goodwill associated therewith from unauthorized use and/or infringement by third parties.

41. QSL has breached Section 5(d) and 5(f) of the Agreement by actively facilitating and contributing to QSLM's misuse of the Balke Trademarks at Township and Flowood without authorization and by failing to protect the Blake Trademarks from QSLM's infringing activities.

42. BMG and CVI are entitled to a judgment declaring the validity and enforceability of QSL's contractual obligations as well as all other legal and equitable relief to which they may be entitled on account of QSL's breach of contract, including without limitation, a permanent injunction, specific performance and/or damages.

## COUNT IV
## Breach of Duty of Good Faith and Fair Feeling (QSL)

38. Each and every allegation set forth in the proceeding paragraphs is hereby realleged and reiterated as fully as if set forth herein.

39. As a party to the Agreement, QSL owes an implied duty of good faith and fair dealing to BMG and CVI.

40. This implied duty serves to protect the parties' justified expectations that the contract will be performed in a manner consistent with its agreed upon purpose.

41. The duty is breached when a party to a contract does something to hinder performance or interfere with the rights of the other parties to receive the benefits of the agreement.

42. QSL has breached the implied duty of good faith and fair dealing by: (a) facilitating and contributing to QSLM's misuse of the Blake Trademarks; (b) by failing to take affirmative steps to protect the Blake Trademarks from such misuse; and (c) by failing to cooperate with CVI and BMG in stopping such misuse. As a result of QSL's bad faith conduct, it is thwarting the main objective of the Agreement and interfering with the rights of CVI and BMG to prevent misuse and dilution of the Blake Trademarks.

43. CVI and BMG are entitled to a permanent injunction, a decree of specific performance and/or damages to remedy QLS' breach of the implied duty of good faith and fair dealing.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment of, from and against the Defendants as prayed for herein. Plaintiffs respectfully demand compensatory and punitive damages, all costs and attorneys' fees incurred in pursuit of this claim and for all such other relief which this Honorable Court may deem appropriate including but not limited to pre-judgment interest and post-judgment interest.

RESPECTFULLY SUBMITTED, this 11th day of April, 2024.

**BLAKE MANAGEMENT GROUP, LLC and CARDINAL VENTURES, INC.**

By: *W. Thomas McCraney, III*
    W. Thomas McCraney, III

**OF COUNSEL:**

W. Thomas McCraney, III (MS Bar No. 10171)
**MCCRANEY MONTAGNET QUIN & NOBLE, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone:   (601) 707-5725
Facsimile:    (601) 510-2939
tmccraney@mmqnlaw.com